IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HARBORWALK, LP; | § | Case No. 10-80043 |
| HARBORWALK MARINA OPERATING | § | Case No. 10-80044 |
| COMPANY, LTD.; | § | |
| HARBORWALK SALES CORPORATION | § | Case No. 10-80045 |
| | § | |
| DEBTORS. | § | JOINT ADMINISTRATION REQUESTED |

**COMPASS BANK'S OBJECTION TO THE DEBTORS' EMERGENCY MOTION
PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364 AND BANKRUPTCY RULES 2002,
4001, AND 9014(I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION
SECURED FINANCING, (II) GRANTING SECURITY INTERESTS AND
SUPERPRIORITY CLAIMS, AND (III) SCHEDULING FINAL HEARING**
**[Relates to Docket No. 9]**

Compass Bank, by and through its counsel, objects to the relief request in the Debtors'

Emergency Motion Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Bankruptcy Rules

2002, 4001, and 9014(I) Authorizing the Debtors to Obtain Post-Petition Secured Financing, (II)

Granting Security Interests and Superpriority Claims, and (III) Scheduling Final Hearing, and

would show as follows:

1.     Compass Bank is a secured creditor of the Debtors and is owed $27,049,164.45,

secured by substantially all of the assets of the Debtors.  Compass Bank has filed its secured

proof of claim in this case, a copy of which is attached hereto and incorporated herein.

2.     Upon information and belief, ad valorem taxes for 2009 have not been paid and

the taxes for 2010 have been assessed as of January 1, 2010.  While the 2010 ad valorem taxes

are not past-due until January 31, 2011, those taxes do represent a lien against the real property.

The ad valorem tax liens are prior to the liens of Compass Bank.

3.     The value of the real property has been appraised to be $25,200,000, which is less

than the amount owed to Compass Bank.

4.      Compass Bank has offered to provide to the Debtors an advance under the existing loan documents to fund operations for the next thirty days of this Case to allow the Debtors and Compass Bank to better understand the value, if any, of the reimbursements potentially due to the Debtors from the Hitchcock TIRZ #1 and Flamingo Isles MUD of Galveston County.  When and how those possible reimbursements are due to the Debtors is unknown.  However, upon information and belief, the reimbursements are subject to various conditions precedent.  Those conditions, upon information and belief, have not been met by the Debtors.

5.      The Debtors have the burden to establish that Compass Bank is adequately protected.  11 U.S.C. § 363(p)(1).  Here, the Debtors suggest that there exists an equity cushion.  Compass Bank disputes the Debtors' assertion.  Interest and taxes continue to accrue and as the Debtor has admitted, the sales of land have significantly declined due to the economy and Hurricane Ike.  There is no assurance that anything will occur in the next six months to allow the Debtors to repay either the proposed DIP Lender or Compass Bank.  In fact, there is nothing in the Debtors' budget that indicates taxes and interest can be kept current.  Not only are the Debtors proposing to insert a new borrowing, but the Debtors are also proposing the ad valorem tax liability to increase and interest on Compass Bank's Loan continue to accrue.

6.      The Debtors cannot demonstrate, with any certainty, that sales of lots will improve to allow the Debtors' cash flow to improve to allow the Debtors to service the proposed DIP Lender's Loan.  The Debtors have little cash flow and no other assets with which to provide adequate protection.

7.      The Debtors must satisfy the requirements of Section 364(d)(1) by showing the Debtors have pursued alternative methods of financing and that those other forms of financing were unavailable.  In fact, in December 2009, Compass Bank requested that the Debtors provide

2

what it believed the financing needs would be over the coming months. The Debtors did not respond to Compass Bank's request other than to file suit in Galveston County against Compass Bank and then file the present bankruptcy case.

8.      Since Compass Bank is willing to advance to the Debtors operational funds for thirty days, there is no emergency and no basis for providing at this time super priority priming lien status to Klein Equities, LLC.  Furthermore, the Debtors have not demonstrated that alternative financing is not available.

9.      Again in January 27, 2010, Compass Bank offered financing to the Debtors for thirty days and counsel for the Debtors rejected the proposal. In short, the Debtors have failed to carry its burden that it is entitled to 364(d)(1) relief.  11 U.S.C. § 364(d)(1); *In re First South Sav. Ass'n*, 820 F.2d 700, 702 (5th Cir. 1987).

10.     The Fifth Circuit has stated that "the fact that super priority financing displaces liens on which creditors have relied in extending credit, a court that is asked to authorize such financing must be particularly cautious when assessing whether the creditors so displaced are adequately protected." *First South*, 820 F.2d at 710.  The priming of Compass Bank's liens for the purpose of allowing the Debtors to borrow $2.5 million for six months without any demonstration by the Debtors of how the borrowing will be repaid does not provide Compass Bank with adequate protection.  What the Debtors have proven is simply that the enterprise or investment risk is shifted to Compass Bank and the Debtors have six months to attempt to pull the proverbial rabbit out of a hat.

11.     The Debtors' own budget reflects that it will nearly fully draw down all of the availability over next the six-month period and will then have no ability to repay the DIP loan. What then? The Debtors offer no adequate protection to Compass Bank. The Debtors offer no adequate protection to the ad valorem taxing authorities.  The Debtors only provide Compass

3

Bank further diminution in the value of its collateral during the reorganization process. This is contrary to the Bankruptcy Code and Fifth Circuit precedent.

12.     Based on the foregoing, Compass Bank requests that the Court re-set the Debtors' Motion for approximately thirty (30) days and deny the Debtors the relief requested.

WHEREFORE, PREMISES CONSIDERED, Compass Bank prays that the Court deny the Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Bankruptcy Rules 2002, 4001, and 9014(I) Authorizing the Debtors to Obtain Post-Petition Secured Financing, (II) Granting Security Interests and Superpriority Claims, and (III) Scheduling Final Hearing and grant Compass Bank such other and further relief as is just.

Respectfully Submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael J. Durrschmidt
Michael J. Durrschmidt
State Bar No. 06287650
Bank of America Center, 25th Floor
700 Louisiana
Houston, Texas 77002
Telephone: (713) 220-9165
Telecopier: (713) 223-9319

OF COUNSEL:

HIRSCH & WESTHEIMER, P.C.

**ATTORNEYS FOR COMPASS BANK**

**CERTIFICATE OF CONFERENCE**

I, Michael J. Durrschmidt, certify that on January 27, 2010, I spoke with Ms. Kurtz and Mr. Tillsmann and subsequently with Messrs. Wood and Tillsmann and that the parties could not resolve their differences.

Michael J. Durrschmidt

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2010, a copy of the foregoing Compass Bank's Objection to the Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Bankruptcy Rules 2002, 4001, and 9014(I) Authorizing the Debtors to Obtain Post-Petition Secured Financing, (II) Granting Security Interests and Superpriority Claims, and (III) Scheduling Final Hearing was served via first class mail, postage prepaid and/or by the Clerk of the Court via the ECF system to the parties listed below.

Marcy E. Kurtz
William A. (Trey) Wood III
Chris S. Tillmanns
Bracewell & Giuliana, LLP
711 Louisiana, Suite 2300
Houston, Texas 77002

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

5