IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HARBORWALK, LP; | § | Case No. 10-80043 |
| HARBORWALK MARINA OPERATING | § | Case No. 10-80044 |
| COMPANY, LTD.; | § | |
| HARBORWALK SALES CORPORATION | § | Case No. 10-80045 |
| | § | |
| DEBTORS. | § | JOINTLY ADMINISTERED |

### DEBTORS' OBJECTION TO COMPASS BANK'S DIP FINANCING PROPOSAL
(Relates to Dkt. No. 25)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this objection (the "Objection") to Compass Bank's DIP Financing Proposal, and in support of the Objection, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1.  The Debtors object to Compass Bank's DIP Financing Proposal [Dkt. No. 25] (the "Compass Proposal") and respectfully request the Court to approve the Debtors' proposed interim DIP Financing (from the lender Klein Equities, LLC) as set forth in the Debtors' DIP Motion [Dkt. No. 9] (the "Debtors' Proposal").

### ARGUMENT

2.  The Debtors' Proposal, a six month DIP financing arrangement, is the only one that truly affords the Debtors an opportunity to reorganize their financial affairs and fairly and fully avail themselves of the benefits of Chapter 11 of the Bankruptcy Code. Conversely, the Compass Proposal forces the Debtors into immediate settlement discussions with the very people who precipitated their bankruptcy filings because they would not advance under the existing loan

HOUSTON\2355536.1

documents (despite no monetary or other default) and does so with a disadvantage or unlevel playing field because of the lack of any guaranty of funding at the end of this proposed 60 day loan under the Compass Proposal.

3. While the Debtors would certainly attempt to negotiate in good faith a longer term resolution with Compass Bank for the full reorganization of their financial affairs during this two-month period, the Debtors have absolutely no assurance that *any* financing will be available to them to fund their march through bankruptcy and/or their long term reorganization if they let this opportunity at hand under the Debtors' Proposal fall by the wayside.

4. The Debtors have little faith that longer-term financing (outside of the 60 day loan) will be made available by Compass because the Debtors are currently involved in a lender-liability suit with Compass as a result of Compass' refusal to fund a draw request under an existing pre-petition loan agreement (the "<u>Compass Lawsuit</u>").  *See* Complaint attached hereto as **<u>Exhibit A</u>**.  Compass Bank's refusal to advance additional funding or long term funding combined with the Debtors' very real fear that it would be unable after 60 days to obtain longer term financing (starting with DIP financing) places Compass at an unfair negotiating advantage in connection with the Compass Lawsuit while simultaneously depriving them of their opportunity to reorganize under Chapter 11 as a Debtor in Possession.

5. Compass has failed to fund in the recent past—despite no monetary default and only after claiming a "material adverse change" based on a appraisal done several weeks if not months prior to their refusal to fund on Christmas Eve eve--and the Debtors, at this critical juncture in the bankruptcy process, cannot rely and should not be cornered into relying on Compass to fund in the future.

6. The Debtors' ability to successfully reorganize is entirely dependant on whether they will have sufficient financing to give them enough time to confirm a plan of reorganization. The Compass Proposal is inferior on its face to the Debtors' Proposal because the Debtors will require at least six months of financing to confirm a plan and the Compass Proposal term is a mere 60 days. In addition, unlike the Compass Proposal which essentially forces the Debtors to reach some possibly premature settlement of their litigation claims (an asset of the Debtors), the Debtors' Proposal enables the Debtors to actually reorganize and propose alternative exit strategies under a plan of reorganization (e.g. cramdown, abandonment of collateral, etc.) that would otherwise not be available outside of the bankruptcy process or if Compass, the pre-petition secured lender, was providing post-petition financing—assuming they would even fund the bankruptcy process (which they have not proposed to do under the Compass Proposal).

7. Unlike the Compass Proposal, the Debtors' Proposal locks-in long-term financing *now* rather than a speculative "later", and therefore provides the necessary assurance for employees, creditors, members, and prospective investors, that the Debtors will have sufficient funding to survive bankruptcy and emerge with a confirmed plan of reorganization. The Debtors' Proposal provides stability and opportunity for the type of long-term planning that is crucial to the Debtors' business' success. Already, the Debtors are aware of at least one major event they are likely to lose if they cannot promise the stability required to assure this event planner that they will be in existence and fully operational for more than 60 days. For example, without obtaining long-term financing, the Debtors will be foreclosed from hosting events (such as weddings, corporate retreats, etc.) that must be planned and booked far in advance. The revenue that could be generated from these types of events would therefore be lost if the Debtors are required to accept the Compass Proposal.

8. Compass argues that the Compass Proposal is superior because it "saves" the Debtor $119,877.00 in DIP Lender fees.[1] However, under the Compass Proposal, if the Debtors are unable to find alternative financing, the Debtors will suffer irreparable harm if Compass refuses to fund beyond March 31, 2010. The cost to the Debtors of being left with no financing after two months under the Compass Proposal therefore hugely outweighs the cost of the DIP Lender fees that must be incurred to *guarantee* long-term financing *now*. The Debtors have secured financing for six months with Klein Equities, LLC and respectfully request that they not be left at the mercy of Compass Bank who has only offered financing for two months and who are the cause of the Debtors woes in the first place.

WHEREFORE, premises considered, the Debtors respectfully request that this Court enter an interim order (i) authorizing the Debtors to obtain post-petition financing in accordance with the Debtors' Emergency Motion Authorizing the Debtors to Obtain Post-Petition Financing [Dkt. No. 9] (the "DIP Motion"); (ii) setting the DIP Motion for a final hearing; and (iii) granting such other and further relief as the Court may deem just and proper.

---

[1] Moreover, Compass Bank fails to clearly disclose that while the Debtors may be saving a few dollars for the "short term" under the Compass Proposal, Compass Bank, after breaching its contract with the Debtors to fund under the existing loan documents *at a lower interest rate*, now seeks to loan money to the Debtors at an even higher rate than their contract allows!

Dated: January 29, 2010

                                                Respectfully submitted,

                                                **BRACEWELL & GIULIANI LLP**

                                                By:  */s/ William A. Wood, III*
                                                         Marcy E. Kurtz
                                                         Texas Bar No. 11768600
                                                         Marcy.Kurtz@bgllp.com
                                                         William A. Wood, III
                                                         Texas Bar No. 21916050
                                                         Trey.Wood@bgllp.com
                                                         Chris S. Tillmanns
                                                         Texas Bar No. 24060730
                                                         Chris.Tillmanns@bgllp.com
                                                         Bracewell & Giuliani LLP
                                                         711 Louisiana, Suite 2300
                                                         Houston, Texas 77002
                                                         Telephone:  (713) 223-2300
                                                         Facsimile:  (713) 221-1212

                                               **PROPOSED ATTORNEYS
                                               FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing Objection has been served on the parties listed below via electronic means as listed on the court's ECF noticing system or by regular U. S. First Class Mail on this 29th day of January, 2010.

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
Bank of America Center, 25th Floor
700 Louisiana Street
Houston, Texas 77002

                                                         By: /s/ Chris S. Tillmanns
                                                         Chris S. Tillmanns