IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| HARBORWALK, LP, | ) | CASE NO. 10-80043-G3-11 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Emergency Motion Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Bankruptcy Rules 2002, 4001, and 9014 (I) Authorizing the Debtors to Obtain Post-petition Secured Financing, (II) Granting Security Interests and Superpriority Claims, And (III) Scheduling Final Hearing" (Docket No. 9).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion without prejudice.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Harborwalk, LP, Harborwalk Marina Operating Company, Ltd., and Harborwalk Sales Corporation ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on January 25, 2010.  The instant cases were jointly administered, and designated as a Complex Chapter 11 case, by orders entered

January 28, 2010.

In the instant motion, Debtors seek to borrow $2,500,000 from Klein Equities, LLC ("Klein"). They seek generally to secure the loan with all of the assets of the Debtors (except avoidance actions), and to grant to Klein liens senior to any prepetition liens in Debtors' real estate and rights to reimbursement from MUD and TIRZ receivables. The proposed financing is at a base rate of 12.5 percent interest, and a default rate of 17.5 percent per annum. The terms also include a facility fee of 1.5 percent of the aggregate amount, and an unused availability fee of 0.4 percent per month. (Debtors' Exhibit 13).

Compass Bank ("Compass") objects to the instant motion, on grounds it has agreed to provide to Debtors an advance under existing loan documents. Compass has filed a proof of claim, in the amount of $27,049,164.45, secured by Debtors' real property.

At the hearing on the instant motion, the court directed counsel for Compass to submit its offer in writing, and file the offer.

Compass filed its "Notice of Compass Bank's DIP Financing Proposal" on January 29, 2010. (Docket No. 25). Attached to the notice is a two page document setting forth the terms on which Compass will loan additional funds to Debtors. Compass proposes to loan up to $885,000, through March 31, 2010,

with advances "secured by all exsting liens, pledges and security interests held by CompassBank."  Compass' proposal is at an interest rate of two percent over prime,[1] and has no facility fee or unused availability fee.  (Docket No. 25-1).

## Conclusions of Law

Under 364(d)(1) of the Bankruptcy Code, the court may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if--

>   (A) the trustee is unable to obtain such credit otherwise; and
>
>   (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

11 U.S.C. § 364(d)(1).

Section 364(d)(1) does not require that a debtor seek credit from every possible source, but a debtor must show that it made a reasonable effort to obtain post-petition financing from other potential lenders on less onerous terms and that such financing was unavailable.  Suntrust Bank v. Den-Mark Constr., Inc., 406 B.R. 683 (E.D.N.C. 2009).  Section 364(d)(1)(A) requires that Debtor prove that financing is not available without the granting of a senior or equal lien.  See In re SGS Studio, Inc., 256 B.R. 580 (Bankr. N.D. Tex. 2000).

---

[1] Compass Bank represents that the prime rate is presently 3.25 percent.

In the instant case, at the present time, Debtors' immediate capital needs can be met through financing proposed by Compass without the granting of a senior or equal lien. Accordingly, the court concludes that the financing sought in the instant motion does not satisfy the requirement in Section 364(d)(1)(A) of the Bankruptcy Code that the trustee be unable to obtain such credit otherwise.

Based on the foregoing, a separate Judgment will be entered denying the "Emergency Motion Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Bankruptcy Rules 2002, 4001, and 9014 (I) Authorizing the Debtors to Obtain Post-petition Secured Financing, (II) Granting Security Interests and Superpriority Claims, And (III) Scheduling Final Hearing" (Docket No. 9), without prejudice.

Signed at Houston, Texas on January 29, 2010.

  
                                          _____  
                                          LETITIA Z. PAUL  
                                          UNITED STATES BANKRUPTCY JUDGE